IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**AXEL BRAUN PRODUCTIONS**,

       Plaintiff,

       v.          **Case No. 3:10-CV-112**
        Judge Bailey

**DOES 1 - 7098**,

       Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
### TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

Pending before this Court is plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. 3). This Court, having reviewed the Complaint (Doc. 1) and Motion (Doc. 3) and the Memorandum of Points and Authorities in Support of Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. 4), is of the opinion that the Motion should be **GRANTED**. Accordingly, it is hereby **ORDERED** as follows:

1. That the plaintiff is allowed to serve immediate discovery on the Internet Service Providers ("ISPs") listed in Schedule A to plaintiff's Complaint in order to obtain the identity of each Doe defendant, including those Doe defendants for which plaintiff has already identified an Internet Protocol (IP) address and those Doe defendants for which plaintiff identifies IP addresses during the course of this litigation, by serving a Rule 45 subpoena that seeks information sufficient to identify each defendant, including name, current and permanent addresses, telephone numbers, email addresses, and Media Access Control addresses;

2. That the plaintiff may serve immediate discovery on any ISP identified by the

same means detailed in the Motion and Declaration of Matthias Schroeder Padewet (Doc. 4), or identified as providing network access or online services to one or more Doe defendants, by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time access to the torrent network by such IP address was made for the purpose of downloading unlawful copies of plaintiff's copyrighted motion picture, "*Batman XXX: A Porn Parody.*" Such Rule 45 subpoena may seek information sufficient to identify each Doe defendant, including his or here name, address, telephone number, email address, and Media Access Control Address;

      3.    That plaintiff is permitted to serve a Rule 45 subpoena in the same manner as above to any ISP that is identified in response to a subpoena as a provider of internet services to one of the Doe defendants;

      4.    That any information disclosed to plaintiff in response to a Rule 45 subpoena may be used in this action by plaintiff for the purpose of protecting plaintiff's rights as set forth in its Complaint and for no other purpose;

      5.    That if the ISP and/or any defendant wishes to move to quash the subpoena, such party must do so before the return date of the subpoena, which shall be at least thirty days from the date of service;

      6.    That the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and

      7.    That the plaintiff shall provide each ISP to which a subpoena is directed with a copy of this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** November 12, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE